UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

DARYLL JONES,

             Plaintiff,

     -against-

STATE OF NEW YORK,

             Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-7241 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ Jan 3, 2019 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

The plaintiff, a suspended attorney, brings this *pro se* action against the State of New York pursuant to 42 U.S.C. § 1983. He alleges that the State of New York violated his constitutional rights by failing to reinstate his law license. The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons stated below, the complaint is dismissed as barred by the Eleventh Amendment.

**Background**

The plaintiff, who was admitted to the New York State Bar on July 26, 1993, was charged with 11 counts of professional misconduct. On April 1, 2008, the Appellate Division suspended him from the practice of law for five years. *In re Jones*, 855 N.Y.S.2d 212 (2d Dep't 2008). The plaintiff alleges that his applications for readmission have been denied five times. He seeks monetary damages, and New York bar readmission.

**Standard of Review**

At the pleadings stage of the proceeding, a district court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

1

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the plaintiff is representing himself, he was a practicing lawyer, and is not entitled to the degree of liberality given to non-attorney *pro se* plaintiffs. *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *Othman v. City of New York*, No. 13-CV-4771, 2018 WL 1701930, at *4 (E.D.N.Y. Mar. 31, 2018); *see also Heller v. Emanuel*, No. 07-CV-1393, 2007 WL 1491081, at *2 (E.D.N.Y. May 21, 2007) (declining to read liberally the pleadings of a disbarred attorney proceeding *pro se*).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## Discussion

The plaintiff's claims against the State of New York must be dismissed because the State is immune from suit. The Eleventh Amendment to the United States Constitution "bar[s] federal suits against state governments by a state's own citizens." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). This bar precludes suits for money damages, as well as injunctive relief. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001). Moreover, sovereign immunity extends "beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods*, 466 F.3d at 236 (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

None of the limited exceptions to state sovereign immunity apply. The State has not waived its immunity by consenting to suit in federal court. *See Woods*, 466 F.3d at 236. Nor has Congress enacted legislation specifically abrogating state sovereign immunity. *Id.* at 236. Moreover, § 1983 was not intended to override a state's sovereign immunity. *Mamot v. Bd. of Regents,* 367 Fed. Appx. 191, 192 (2d Cir. 2010); *Ighile v. Kingsboro ATC*, No. 16-CV-4294, 2018 WL 1970737, at *3 (E.D.N.Y. Apr. 25, 2018). Finally, the *Ex parte Young* doctrine does not apply because the plaintiff is not suing "'a state official acting in his official capacity . . . for prospective injunctive relief from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *accord Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 329 (E.D.N.Y. 2014).

Generally, a district court should grant a *pro se* litigant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted). However, in this case, "leave to amend is not necessary [as leave] would be futile." *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013); *Allison v. Sunnyside Post Off.*, No. 18-CV-2393, 2018 WL 2103205, at *3 (E.D.N.Y. May 7, 2018).

## Conclusion

The plaintiff's complaint filed *in forma pauperis* is dismissed as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
          January 3, 2019